## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

SHANE T., by and through his
Parent CATHY K.,

            Plaintiffs        :      CIVIL ACTION NO. 3:16-00964

                                  :

            v                  :     (JUDGE MANNION)

CARBONDALE AREA SCHOOL
DISTRICT,                  :

            Defendant       :

## MEMORANDUM

Before the court is a Motion for Award of Attorneys' Fees and Costs filed by plaintiffs Shane T. (Shane) by and through his mother Cathy K. (Cathy) requesting attorneys' fees pursuant to the Individuals with Disabilities Act ("IDEA") (Docs. 33-34). On March 21, 2018, a Pennsylvania Special Education Hearing Officer concluded through an administrative proceeding that defendant Carbondale Area School District (the "District") wrongly denied plaintiff a free, appropriate public education ("FAPE") under the IDEA and Section 504 of the Rehabilitation Act ("Section 504"). (Doc. 24). Thereafter on May 24, 2019, plaintiffs filed this action, seeking counsel fees and costs under the IDEA. (Doc. 34). The defendant objects to the plaintiffs' claimed fees and costs, contending that the requested attorneys' fees are excessive, among other arguments. (Doc. 39). The court grants plaintiff's motion but will reduce

the requested attorneys' fees in accordance with some of the defendant's reasonable objections.

## I.     BACKGROUND

Shane was a special education student at one of the District's schools. (Doc. 25 at 1). On July 1, 2015, the plaintiffs filed a due process complaint with Pennsylvania's Office for Dispute Resolution, alleging the District violated the IDEA, 84 STAT. 175, as amended, 20 U.S.C. §1400 et seq. and Section 504, as amended, 29 U.S.C. §701 et seq. because the District failed to offer Shane a FAPE. (Doc. 8-9).  Plaintiffs sought relief in the form of (a) an educational program and placement for the 2015-2016 school year, (b) an Independent Educational Evaluation ("IEE"), and (c) tuition reimbursement for private school tuition for the 2013-2014, 2014-2015, and 2015-2016 school years because of the District's violations of the IDEA and Section 504. *Id*. Following an administrative hearing, the Hearing Officer concluded the District was required to provide an Individualized Educational Program ("IEP") to Shane, but only after an evaluation was completed. (Doc. 8-2). The Hearing Officer otherwise denied plaintiffs' requested relief. *Id*.

On May 23, 2016, the plaintiffs filed a complaint in this court seeking reversal of the Hearing Officer's decision. On September 28, 2017, this court issued an order reversing the Hearing Officer's decision with respect to

whether plaintiffs were entitled to tuition reimbursement under the IDEA and remanded for further consideration of the remaining factors in the *Burlington-Carter* test (Doc. 25). Additionally, this court upheld the Hearing Officer's decision that Shane is not entitled to an IEE at the public's expense. *Id*.

On remand, the Hearing Officer found that plaintiffs were entitled to tuition reimbursement under the IDEA. (Doc. 34-1). Under the *Burlington-Carter* test, the Hearing Officer reduced the award of tuition reimbursement by 51%, awarding plaintiffs 49% of the tuition and costs paid for the 2013-2014 and 2014-2015 school years. *Id*.

On May 24, 2019, plaintiffs filed this instant Motion for Attorneys' Fees and Costs, requesting $118,881.70 in attorneys' fees and $862.71 in costs under the IDEA, totaling $119,744.41. (Docs. 33; 34 at 18-19). The defendant filed a brief in opposition to this motion, asserting that plaintiffs' fee request should be dismissed in its entirety or otherwise significantly reduced. (Doc. 39). Thereafter, the plaintiffs filed a reply in further support of their original motion and requested dismissal of defendant's objections. (Doc. 41).

## II.    LEGAL STANDARD

To determine if a petitioner's attorneys' fee request is to be awarded under the IDEA, a court must first determine if the fee petitioner is a "prevailing party." 20 U.S.C. §1415(i)(3)(B)(i). "A party 'prevails' under the

IDEA if she achieves relief and if 'there is a causal connection between the litigation and the relief from the defendant.'" *A.B. by and through F.B. v. Pleasant Valley School District*, No. 3:17-CV-02311, 2019 WL 2715681, at *2 (M.D.Pa. July 28, 2019) (*citing J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 271 (3d Cir. 2002)).

If the fee petitioner is a prevailing party, the court must then determine what a "reasonable" fee is. Generally, courts apply the "lodestar" formula. Under the lodestar formula, the court multiples the number of hours reasonably expended by a reasonable hourly rate. *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir.2001). The prevailing party first bears the burden of proving the reasonableness of its fee request by submitting evidence of the hours worked and the hourly rate charged. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990). "Hours are not reasonably expended if they are excessive, redundant, otherwise unnecessary," or if they were spent on unsuccessful claims "distinct in all respects from" a party's successful claims. *Id*. "[T]he reasonableness of a claimed rate may be shown by pointing to fees charged by lawyers of similar expertise in similarly complex cases in the same community." *A.B. by and through F.B.*, 2019 WL 2715681 at *2; *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 361-62 (3d Cir. 2001).

Once the fee petitioner makes a prima facie showing, "the party opposing the fee award then has the burden to challenge, by affidavit or brief

with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Rode*, 892 F.2d at 1183; *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713 (3d Cir.1989). The court may only decrease a fee award based on factors that the adverse party raises in objection. *Id*. The district court has a "great deal of discretion to adjust the fee award in light of those objections." *Id*.

Once calculated, a lodestar amount is "presumed to be the reasonable fee." *Id*. It is within the court's discretion to reduce the lodestar amount, but only if the party seeking the reduction proves that it is necessary to do so. *Id*. The court may reduce the lodestar if such amount is "not reasonable in light of the results obtained." *Id*.; *Hensley*, 461 U.S. at 434-37. The court has the discretion to determine what degree of success has been achieved, and whether the lodestar is reasonable in the light of that degree of success. *Hensley*, 461 U.S. at 436-37.

### III. DISCUSSION

#### a. Prevailing Party

The plaintiffs have won compensatory education under the IDEA and so is the "prevailing party." *J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 271 (3d Cir. 2002) (a party prevails under the IDEA if she achieves relief and if there is a "causal connection between the litigation and

the relief from the defendant").  Whether the plaintiffs are the prevailing party here is undisputed by the litigants.

### b. Outrageously Excessive

The defendant initially argues that the plaintiffs' attorneys' fee request of $119,744.11 should be denied altogether, claiming it is outrageously excessive. Defendant points out that the matter was "a straightforward tuition reimbursement claim," which remained the same throughout the administrative hearing and appellate processes. (Doc. 39 at 4). Defendant further asserts that because the requested attorneys' fees is about 32 times the $3,689.70 in tuition the petitioner recovered for their client, the fee request is outrageously excessive and should be denied altogether. *Id*.

This court disagrees with the defendant. First, the court does not find the requested fees be outrageously excessive given the nature of the claim. Courts in the Third Circuit have awarded attorneys' fees under the IDEA where the fee petitioner requested a comparable amount of attorneys' fees. *See A.B. by and through F.B.*, 2019 WL 2715681 at *9 (awarding attorneys' fees in an IDEA case where plaintiff's counsel McAndrews Law Offices expended 409.87 hours among attorneys and paralegals); *See also Mary Courtney T. v. School Dist. of Philadelphia*, No. 06–2278, 2019 WL 185426, *8 (E.D.Pa. January 22, 2009) (awarding attorneys' fees in an IDEA case where plaintiffs initially sought $90,356.56).

Second, the Third Circuit has rejected a rule of proportionality in civil rights cases. *See United Auto. Workers Local 259 Social Sec. Dept. v. Metro Auto Center*, 501 F.3d 283, 293 (3d Cir. 2007). The purpose of fee-shifting "is to generate attorneys' fees that are disproportionate to the plaintiff's recovery," thus "assuring that civil rights claims of modest cash value can attract competent counsel." *A.B. by and through F.B.*, 2019 WL 2715681 at *9 (*quoting Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011)) (internal quotations omitted). When asked to reduce an IDEA plaintiff's attorneys' fees based on the proportionality of damages awarded, we refused. *See id.* (rejecting defendant's argument that the lodestar in an IDEA case should be reduced because the attorney's fee was disproportionate to the plaintiff's recovery). Therefore, this court will not deny the plaintiffs' fee request altogether and accordingly proceed with the lodestar calculation.

### c. Reasonable Hours

In calculating the lodestar amount, the court begins with the number of hours reasonably expended. Plaintiffs' counsel, McAndrews Law Offices ("MLO"), claims the firm has reasonably expended 274.63 hours, shared among several attorneys and paralegals. (Doc. 34-2). The defendant argues that the number of hours billed should be reduced, contending numerous entries should be eliminated because they are redundant, vague, or excessive. The court will address these objections in turn.

- 7 -

a. Redundant Entries

The defendant first objects to instances where multiple attorneys or paralegals billed for time spent on the same activity. (Doc. 39 at 9-13). Defendant argues that it was unreasonable for multiple attorneys and paralegal to bill time to the review and preparation of the same case filings (including the Complaint, Answer to the Complaint, and Memorandum of Law). *Id.* In response, plaintiffs contend that it was reasonable for multiple attorneys and paralegals to bill for the same task because they did not perform the same role within a task (e.g., senior attorneys edit and supervise, as opposed to draft filings). (Doc. 41 at 16-17).

The court agrees with the defendant that some hours billed by Attorney McAndrews for reviewing and preparing filings were redundant. A reduction for duplication is warranted if the attorneys are "unreasonably doing the same work." *Rode v. Dellarciprete*, 892 F.2d 1177, 1187 (M.D.Pa. 1996) (*quoting Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988)) (internal quotations omitted). Plaintiffs note that whereas Attorneys Hulse and Gehring spent the bulk of professional time on this case, Attorney McAndrews billed time in a supervisory or editing role. *Id.* But the "supervisory" or "editing" nature of Attorney McAndrews' work was not reflecting in his billing entries. (*See* Doc. 39-7). As in *A.B. by and through F.B.*, this court also fails to see why it was reasonable for the name partner

of a firm to bill for the same activities which a senior attorney, a more junior attorney, and a paralegal were performing. *See* 2019 WL 2715681, at *4 (disallowing hours spent by Attorney McAndrews on certain tasks as duplicative because Attorneys Hulse and Gehring billed for the same tasks). However, the court does not find time spent by other attorneys and paralegals as duplicative, as it is reasonable in a case such as this one for multiple attorneys and a paralegal to work together. *See e.g.*, *id*. (finding it reasonable for a senior and junior attorney along with a paralegal to bill for the same task in an IDEA case). This court will disallow the 1.29 hours billed by Attorney McAndrews for these activities.

Further, the court will disallow certain entries billed by Paralegal Hardy for "review of file materials regarding deadlines" as they are duplicative. For such task, Paralegal Hardy block-billed .25 hours on July 20, 2016 and billed .13 hours on fourteen additional occasions, on the following dates: July 24, 2016; August 17, 2016; September 24, 2016; October 23, 2016; January 27, 2018; September 23, 2018; July 29, 2018; August 26, 2018; September 26, 2018; October 27, 2018; November 25, 2018; January 1, 2019; January 27, 2019 and March 25, 2019. Given deadlines in this case were only altered by court order a total of four times, this court will eliminate eleven of Paralegal Hardy's .13 hours billing entries as duplicative, totaling 1.43 hours.

b.  Excessive Billing on Preparation of Documents

The defendant also objects to hours billed to the preparation of certain filings which contain sections that are identical or similar to sections in previously drafted filings. (Doc. 39 at 11-13). Defendant contends that the amount of time billed to the preparation of these documents is excessive as it reflects billing on work previously performed. *Id*. Counsel asserts time spent on the following documents, which includes block-billed entries, should be reduced: Due Process Complaint (4.38 hours); Closing Brief (26 hours); Civil Complaint (14.125 hours for 25 pages); Response Brief (19.625 hours for 15 pages); Reply Brief (6.5 hours for 9 pages); Memorandum of Law (32.7 hours for 26 pages, 9 of which defendant contests are taken from previous filings); Brief on Remand (10 hours for 17 pages, 7 of which defendant contests are taken from previous filings); Fee Complaint (4.375 hours). *Id*.

This court disagrees with the defendant and finds the number of hours billed to the preparation of such filings to be reasonable. The court finds other cases in the Third Circuit instructive in determining the reasonableness of the hours billed. In *Mitchell v. City of Phila.*, No. 99–6306, 2010 WL 1370863, at *10–*11 (E.D.Pa. Apr. 5, 2010), the court determined six hours was a reasonable amount of time to spend drafting an amended complaint that largely repeated previously drafted sections. In *Trucksess v. Thompson Auto. Grp., Inc.*, No. 10–4313, 2011 WL 6415047, at *5 (E.D.Pa. Dec. 14,

2011), the court found 29.4 hours to be a reasonable amount of time spent on an opposition to a motion for summary judgment. In *Miller v. Saul*, No. 3:17-CV-01452, 2020 WL 1939392 (M.D.Pa. April 22, 2020), the court found 24.5 hours to be a reasonable amount of time spent on preparing a memorandum of law. In *Bohovich v. Astrue*, No. 3:06-CV-1710, 2008 WL 2914585, at *4 (M.D.Pa. July 24, 2008), the court found a 3-page reply brief can be reasonably completed in six hours.

Even if portions of certain of plaintiffs' documents were from prior filings, the court finds amount of time spent on these documents to be reasonable. As such, the court will not reduce time spent on these documents based on excessive billing.

c. Vague Entries

Next, defendant contends certain of plaintiffs' billing entries on the grounds of vagueness. (*See* Doc. 39-13). These entries include time billed as "review of emails," "review of records," "prep for further proceedings," "update case status," and "discuss case status." Generally, a fee petition "must be specific enough for the district court 'to determine if the hours claimed are unreasonable for the work performed.'" *Souryavong v. Lackawanna Cnty.*, 159 F.Supp.3d 514, 534 (M.D.Pa. 2016) (*quoting Washington v. Phila. Cty. Ct. of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996)) (internal quotations omitted). An entry for hours claimed should

indicate the nature of the activity, the subject matter of the activity, the date the activity took place, and the amount of time spent on the activity. *Rode*, 892 F.2d at 1191. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

The court has reviewed the billing entries which plaintiffs contend are too vague and finds that the following entries lack the specificity to permit the court to determine whether the fees requested are reasonable:

Entries that are labeled as "review of emails" and do not otherwise indicate for what purpose the email was reviewed are too vague for the court to determine whether hours expensed are reasonable. *Compare Clemens v. New York Mutual Fire Insurance Company*, 264 F.Supp.3d 618, 639 (M.D.Pa. 2017) (finding entries labeled only as "Email—outgoing" or "Email— sent" are too vague for the court to decide the reasonableness of hours billed). These entries consist of .13 hours billed by Paralegal Hardy on the following dates: May 31, 2016, August 2, 2016, August 3, 2016, August 31, 2016, September 13, 2016, October 26, 2016, November 16, 2016, and October 2, 2017. The court will disallow these entries, totaling 1.04 hours.

Additionally, Paralegal Hardy block-billed time spent on the review of emails and certain file materials. These entries appear on two dates. On October 25, 2016, Paralegal Hardy block billed .63 of an hour spent on "Review of emails; Review of file materials regarding Motion; Preparation of

Certificate of Service; Finalize motion." The next day, Paralegal Hardy billed .25 of an hour on "Review of emails; Review of file materials regarding Order." As an initial matter, hours billed for "review of files" are not reasonable without further explanation of its necessity. *Id*. at *638. *See also*, *Brown v. Sec'y of Health & Human Servs.*, No. 09–426V, 2013 WL 1790212, at *5 (Fed. Cl. Apr. 8, 2013) (disallowing amounts of less than .4 hours billed by paralegal for file review where counsel was already actively involved in the case). While block billing is permitted when the listed activities reasonably correspond to the number of hours billed, the court is unable to determine whether the amount of time spent on either of these two entries is reasonable. *Schlier v. Rice*, 2009 WL 5182164 at *6 (M.D. Pa. 2009). As it is unclear to this court how much time reasonably corresponds to the "Preparation of Certificate of Service" and "Finalize motion" as opposed to review of emails and certain file materials, the court will disallow these two entries, which total to .88 hours.

Similarly, billing entries labeled as "Review of records" or "Prep for further proceedings" without further explanation of the necessity of such activities are too vaguely described for the court to determine whether the related amount of time billed is reasonable. These entries appear on March 17, 2016 (.875 of an hour) and October 17, 2017 (.125 of an hour). The court will disallow these two entries.

Defendant also objects to plaintiffs' billing entries labeled as "update case status," or "discuss case status," claiming such entries are too vague. The court disagrees, as counsel is required to understand the status of a case. *See A.B. by and through F.B.*, 2019 WL 2715681 at *5 (permitting billing entries labeled as "Updating case status"); *Jackson v. Allied Interstate, LLC*, No. 2:12cv1144, 2013 WL 3990875, at *7 (W.D.Pa. Aug. 5, 2013) (noting counsel is required to "be familiar" with orders and scheduling proceedings in a case). This court will therefore not disallow these entries based on defendant's objection.

d. Block-Billed Entries

Defendant objects to plaintiffs' entries that were submitted in the form of block-billing, claiming it is impossible to determine whether a reasonable amount of time was spent on each task for such block-billed entries. (Doc. 39 at 15-17; Doc. 39-14). Block-billing is permitted "if the listed activities reasonably correspond to the number of hours billed." *Schlier*, 2009 WL 5182164 at *6. To determine if block-billed entries are reasonable, the court will "look at the entire block, comparing the listed activities and the time spent, and determin[e] whether the hours reasonably correlate to all of the activities performed." *United States ex rel. Doe v. Pa. Blue Shield*, 54 F. Supp. 2. d 410, 415 (M.D.Pa. 1999); *accord Rode*, 892 F.2d at 1190 (noting

it is not necessary to know the exact amount of time spent on specific activities billed).

After reviewing each block-billed entry contested by the defendant, the court finds the amount of time spent on such entries reasonable in light of the activities listed.  Thus, the court will not reduce time billed on the grounds that entries were submitted in the form of block-billing.

### e. Intraoffice Communication

Defendant also objects to intraoffice office communications among attorneys and support staff as excessive. (Doc. 39 at 17-19). This objection relates to 23.75 hours' worth of non-block-billed entries and 54 hours' worth of block-billed entries that list intraoffice communications.

Generally, "internal discussions between counsel and her legal staff regarding the case can be properly charged to one's client and are therefore recoverable." *Souryavong v. Lackawanna Cty.*, 159 F. Supp. 3d 514, 537 (M.D.Pa. 2016). It is reasonable to "expect multiple attorneys or paralegals to bill for conferences in which they necessarily took part."  *A.B. by and through F.B.*, 2019 WL 2715681 at *4. The court may deduct fees spent on excessive intraoffice communications. *McGuire v. Neidig*, No. 14-1531, 2017 WL 1319930, at *6 (W.D.Pa. April 7, 2017).

Defendant cites *Citibank, N.A. v. Hicks*, No. Civ.A.03–2283, 2004 WL 1895189 (E.D.Pa. Aug. 24, 2004) for the proposition that intraoffice

communications in this case is excessive. But *Citibank, N.A.* found excessive over 110 hours spent by two attorneys on conferencing, often with no further explanation as to the substance of the call. *Id.* at *6. Here, it is evident from the entries that plaintiffs' counsel's communications relate to specific case-related matters which counsel may reasonably charge to a client (such as "settlement" and "appeal") (*See e.g.*, Doc. 39-14 at 1, 2).

The court finds 23.7 hours' worth of non-block-billed entries and 54 hours' worth of block-billed entries listing spent on intraoffice communication to be reasonable given the case spanned across approximately four years. Thus, the court will not deduct any hours for excessive intraoffice communications.

f.  Summary

Upon reviewing MLO's bill, the defendant's calculations of the numbers of hours billed per attorney and legal support staff (Docs. 33-2; 33-6), and the reductions granted above for unreasonable hours billed, the court's determination of the reasonable hours expended are as follows:

| Attorney | Hours |
|---|---|
| McAndrews | 4.96 |
| Gehring | 116.25 |
| Connolly | 6.5 |
| Konkler-Goldsmith | 3.625 |

| | |
|---|---|
| Ryan | 1.17 |
| Hulse | 97.125 |
| **Paralegal** | |
| Hardy | 12.4 |
| Paul | 20.375 |
| **Legal Assistant** | |
| Butler | .375 |

### d. Reasonable Hourly Rate

Next, the court considers the reasonable hourly rate of MLO's attorneys and legal support staff. Plaintiffs claim the below hourly rates are reasonable:

| Attorney | Hourly Rate |
|---|---|
| McAndrews | $525 |
| Gehring | $525 |
| Connolly | $525 |
| Konkler-Goldsmith | $495 |
| Ryan | $495 |
| Hulse | $475 |
| **Paralegal** | |
| Hardy | $195 |

- 17 -

| | |
|---|---|
| Paul | $175 |
| **Legal Assistant** | |
| Butler | $165 |

However, plaintiffs have failed to establish a prima facie showing that such requested rates reflect prevailing market rates in Northeastern Pennsylvania. Counsel's submissions consist of the 2018 Community Legal Services of Philadelphia fee schedule (the "CLS" fee schedule) (Doc. 34-4), affidavits from McAndrews Law Office ("MLO") Attorney McAndrews (Docs. 34-3, 49), affidavits from other attorneys (Docs. 34-7; 34-8; 34-9, 41-3), and opinions and orders from cases involving MLO (Docs. 33-10; 33-11; 33-12).

First, this court will not accept the CLS fee schedule as proof of the prevailing market rates in Northeastern Pennsylvania. The court acknowledges that the Middle District is split as to whether the CLS fee schedule indicates the prevailing market of this district. *See A.B. by and through F.B.*, 2019 WL 2715681 (rejecting CLS fee schedule as reflecting prevailing rate of Northeastern Pennsylvania); *Borrell v. Bloomsburg Univ.*, 207 F. Supp. 3d 454, 509 (M.D. Pa. 2016) (concluding the CLS fee schedule does not bear on prevailing market rates in the Middle District of Pennsylvania). *But see Benjamin v. Dep't of Pub. Welfare of Com. of Pennsylvania*, No. 1:09–cv–1182, 2014 WL 4793736, at *8 (M.D.Pa. Sept.

25, 2014) (noting CLS fee schedule as instructive); *Paulus ex rel. P.F.V. v. Cordero*, 2013 WL 432769, at \*8 (M.D.Pa. Feb. 1, 2013) (accepting CLS rates as reasonable market rates to be used in the Middle District). Nevertheless, this court finds that the CLS fee schedule does not reflect rates in Northeastern Pennsylvania, the locus of this litigation.

Second, the affidavits from MLO Attorney McAndrews and other attorneys also fail to prove the prevailing market rate. As an initial matter, "affidavits and testimony from MLO attorneys, by themselves, are insufficient to make a prima facie showing." *A.B. by and through F.B.*, 2019 WL 2715681, at \*6 (*citing Washington v. Phila. Cty. Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996)). The declarations and verifications from other attorneys which plaintiffs submitted fall short of showing the prevailing market rate. All four of these declarations and verifications attest that MLO's hourly rates are "fair and consistent", "reasonable" or "competitive" with rates in the Northeastern Pennsylvania market. (*See* Docs. 34-7; 34-8; 34-9, 41-3). But reasonableness is not the standard here. *A.B. by and through F.B.*, 2019 WL 2715681, at \*7. Without further evidence, such as "how much the declaring attorney charges" or that the "rate claimed has been awarded in this area," counsel fails to make a prima facie showing. *Id*.; *J.S. ex rel. Snyder v. Blue Mountain Sch. Dist.*, No. 3:07CV585, 2014 WL 1321116, at \*7 (M.D.Pa. Mar. 31, 2014); *Borrell*, 207 F. Supp. 3d at 510.

Third, the opinions and orders from other cases plaintiffs submit are unpersuasive because they are from the Eastern District of Pennsylvania. (See Docs. 33-10; 33-11; 33-12); *See Id*. (finding opinions and orders from the Eastern District of Pennsylvania or the District of Delaware cases do not bear on the prevailing rate in the Middle District of Pennsylvania).

As the plaintiffs failed to make a prima facie showing of the prevailing market rate, it is within the district court's discretion to determine an appropriate hourly rate. *See Carey v. City of Wilkes-Barre*, 496 F. App'x 234, 237 (3d Cir. 2012). This court considers the hourly rates set for MLO attorneys in *A.B. by and through F.B.* to be instructive. Hourly rates set for "the same attorney and for the same time of work over a contemporaneous time period" may constitute evidence of a reasonable hourly rate. *Id*. Similar to the instant case, MLO in *A.B. by and through F.B.* filed for attorney's fees in 2017 pursuant to a FAPE claim under the IDEA. 2019 WL 2715681, at *1. Further, the MLO attorneys and paralegals who worked on this case are the same as those in *A.B. by and through F.B. Id*. at *6. Thus, this court will reduce plaintiffs' claimed hourly rates to reflect the corresponding rates used in *A.B. by and through F.B.*, as listed in the table below.

In light of the reduced hourly rates and reductions in hours, the court calculates a lodestar of $83,209.38.

Case 3:16-cv-00964-MEM   Document 52   Filed 09/30/21   Page 21 of 24


| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| McAndrews | $375 | 4.96 | $1,860 |
| Gehring | $375 | 116.25 | $43,593.75 |
| Connolly | $325 | 6.5 | $2,112.50 |
| Konkler-Goldsmith | $325 | 3.625 | $1,178.13 |
| Ryan | $325 | 1.17 | $380.25 |
| Hulse | $300 | 97.125 | $29,137.50 |
| **Paralegal** | | | |
| Hardy | $165 | 12.4 | $2,046 |
| Paul | $140 | 20.375 | $2,852.50 |
| **Legal Assistant** | | | |
| Butler | $130 | .375 | $48.75 |

### e. Degree of Success

The lodestar of $83,209.38 is presumed to be a reasonable fee. However, defendant contends that the fee should be reduced by 75% because plaintiffs received slightly less than 25% of the relief they initially sought in this case. (Doc. 39 at 7-9). Defendant claims a fee reduction of 75% is justified, as plaintiffs were unsuccessful in their IEE claim and did not receive 51% of the tuition reimbursement they requested. *Id*.

If a plaintiff achieved only partial success, even where claims were "'interrelated, nonfrivolous, and raised in good faith,' a full fee award may be excessive." *Mary Courtney T*., 2019 WL 185426 at *8 (*quoting Hensley*, 461

- 21 -

U.S. at 440). A court may accordingly reduce the lodestar, focusing on "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *McCutcheon v. America's Servicing Co.*, 560 F.3d 143, 151 (3d Cir. 2009) (*quoting Hensley*, 461 U.S. at 435–36).

There is no precise formula for reducing attorneys' fees based on limited success. *Hensley*, 461 U.S. at 436. One method courts in this Circuit have employed compares the amount of damages awarded to the amount of damages requested. *See e.g., Mary Courtney T.*, 2019 WL 185426, at *8 (reducing attorney's fees by 45% where plaintiff's award reflects less than 30% of amount sought). Another method used is a more holistic approach. *See e.g., Damian J. v. Sch. Dist. of Phila.*, No. 06–3866,2008 WL 1815302, at *5 (E.D.Pa. Apr. 22, 2008) (reducing fee award by 5% where plaintiff proved denial of FAPE, all claims were raised in good faith, and unsuccessful claims arose out of a common core of facts).

This court finds the plaintiffs' success to be substantial. Plaintiffs succeeded in proving Shane had been denied FAPE and received compensatory education. It appears to the court that the plaintiffs' claims, regardless of the degree of success, were nonfrivolous, raised in good faith and based on a common set of facts. Nevertheless, because plaintiff received only 49% of the tuition reimbursement requested and were

unsuccessful in their IEE claim, the court finds a fee reduction to be reasonable. Considering the four-year procedural history of the case, quality of plaintiff counsel's representation, and significance of the overall relief obtained in relation to the hours reasonably expended, the court finds a reduction of 75% to be excessive. In light of the plaintiffs' partial success, the court will reduce the lodestar by 30%, to $58,246.56.

### f.  Costs

Because defendant has not objected to plaintiffs' requested reimbursement for costs in the amount of $862.71, the court will grant the costs requested.

## IV.   CONCLUSION

For the reasons stated above, the plaintiffs' motion will be granted in part. Fees will be awarded in the amount of $58,246.56 and costs will be awarded in the amount of $862.71. An appropriate order will issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: September 30, 2021**
16-964-02

- 23 -